**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

EMILIA KUENTZ )
8757 Georgia Avenue, Suite 400 )
Silver Spring, MD 20910 )
)
and )
)
THOMAS CARPENTER )
8757 Georgia Avenue, Suite 400 )
Silver Spring, MD 20910 )
)
*INDIVIDUALLY AND ON BEHALF OF* )
*ALL OTHERS SIMILARLY SITUATED* )
)
       Plaintiffs, )
)
v. ) Case No.:<u>1:24-cv-02496</u>
)
CACI INTERNATIONAL, INC. )
1100 North Glebe Road )
Arlington, VA 22201 )
)
     <u>**Serve:**</u> Corporation Service Company )
            100 Shockoe Slip, Floor 2 )
            Richmond, VA 23219 – 4100 )
)
and )
)
CACI, INC. – FEDERAL )
1201 Sunset Hills Road, )
Reston, VA 20190 )
)
     <u>**Serve:**</u> Corporation Service Company )
            100 Shockoe Slip, Floor 2 )
            Richmond, VA 23219 – 4100 )
)
and )
)
CACI, LLC – COMMERCIAL )
12021 Sunset Hills Road )
Reston, VA 20190 )
)
     <u>**Serve:**</u> Corporation Service Company )
            100 Shockoe Slip, Floor 2 )

| | |
|---|---|
| Richmond, VA 23219 – 4100 | ) |
| | ) |
| and | ) |
| | ) |
| ABC COMPANIES 1 – 25 | ) |
| (UNKNOWN CACI COMPANIES) | ) |
| | ) |
| Defendants. | ) |
| | ) |

## CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY TRIAL DEMAND

### PRELIMINARY STATEMENT

1.      This is a collective and class action brought by Plaintiffs Emilia Kuentz ("Plaintiff Kuentz") and Thomas Carpenter ("Plaintiff Carpenter") (collectively, "Plaintiffs"), individually and on behalf of the members of the proposed class and collective identified below.

2.      Plaintiffs and the proposed class and collective members bring this action against their current and/or former employer Defendants CACI International, Inc. ("Defendant CACI International"), CACI, Inc. – Federal ("Defendant CACI Federal"), CACI, LLC – COMMERCIAL ("Defendant CACI Commercial"), and ABC Companies 1 – 25 ("Unknown CACI Companies") (collectively, "Defendants"), seeking any and all available relief under the Fair Labor Standards Act ("FLSA") of 1938, as amended, 29 U.S.C. § 201, *et seq.*, D.C. Code § 32-1001, *et seq.* ("DCMWA"), and D.C. Code § 32-1301, *et seq.* ("DCWPCL") for the period of three years from the filing of this Complaint through the present ("the relevant period").

3.      During the relevant period, the Defendants had uniform policies and practices underpaying Plaintiffs and the proposed class and collective members in the District of Columbia by failing to pay all wages promised, owed, and/or earned due under District of Columbia law, and unlawfully failing to pay all overtime promised, owed, and/or earned due under the DCMWA and the FLSA.

4.      Defendants have contracted with the Department of Justice, other federal agencies, and/or other government entities during the relevant period to provide services to and for the Department of Justice, other federal agencies, and/or other government entities in the District of Columbia or subject to the laws of the District of Columbia, including, but not limited to, information technology and automated litigation support services ("Public Work").

5.      Plaintiffs and the proposed class and collective members (referred to herein as "Public Workers") performed Public Work within the relevant period.

6.      Upon information and belief, the aforementioned contracts award was over $2,500.00 and is subject to the Service Contract Act ("SCA"), 40 U.S.C. § 6701, *et seq.*

7.      Upon information and belief, the aforementioned contracts award was over $100,000.00, involves laborers, and is subject to the Contract Work Hours and Safety Standards Act ("CWHSSA"), 40 U.S.C. § 3701, *et seq.*

8.      As predetermined by the Secretary of Labor, individuals subject to the SCA must be paid at a certain wage and set rate for cash paid in lieu of health and welfare benefits as set forth in the Department of Labor's public Wage Determinations.

9.      Plaintiffs and the respective proposed class and collective members were compensated below the certain wage set by the Secretary of Labor and set rate for cash paid in lieu of benefits in violation of the DCWPCL.

10.     Further, Defendants failed to pay Plaintiffs' and proposed class and collective members' time and a half their "regular rate" for the hours worked over forty hours in each and every workweek during the relevant period in violation of the FLSA and the DCMWA.

11.     Plaintiffs bring this action individually and on behalf of other similarly situated current and former employees of Defendants, as a collective action pursuant to the FLSA and

DCWPCL, and a class action pursuant to the DCMWA and the DCWPCL for: unpaid wages; unpaid overtime premium compensation; liquidated damages; attorneys' fees and costs; and/or any such other relief as the Court may deem appropriate.

## JURISDICTION AND VENUE

12.     This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 as this action is being brought under the FLSA, 29 U.S.C. § 201, *et seq.*

13.     The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

14.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred within the District of Columbia and Defendant has had substantial and systematic contacts within the District of Columbia within the relevant statutory periods.

## PARTIES

15.     Defendants are joint employers and/or a single integrated enterprise that "delivers distinctive expertise and differentiated technology to U.S. government customers in support of critical national security missions."[1]

16.     At the head of this group is Defendant CACI International, a stock corporation organized under the laws of the State of Delaware, with its principal place of business in the Commonwealth of Virginia.

---

[1] https://www.caci.com/what-we-do (last accessed 8/29/2023)

17.     Defendant CACI International describes itself as "a holding company whose operations are conducted through subsidiaries primarily located in the United States and Europe."[2]

18.     These subsidiaries include Defendant CACI Commercial, Defendant CACI Federal, and ABC Companies 1 – 25 and are Defendant CACI International's primary operating arm as they perform the day-to-day operation of its awarded contracts.[3]

19.     ABC Companies 1 – 25 are those subsidiaries or majority-owned companies of Defendant CACI International which directly employ public workers in the District of Columbia and have compensated their public workers as described herein.

20.     ABC Companies 1 – 25 are readily identifiable and shall be identified during discovery of this matter.

21.     Defendant CACI Commercial maintains an active registration for all government contract awards in the System for Award Management ("SAM"). *See* **CACI Commercial Entity Data** attached hereto as **Exhibit 1**.

22.     As noted in SAM, Defendant CACI Commercial's immediate owner is Defendant CACI Federal. *Id.*

23.     Further, Defendant CACI Commercial's highest owner is Defendant CACI International. *Id.*

24.     Defendants jointly exercised the power to, directly or indirectly, direct, control, or supervise their public worker workforce, including Plaintiffs.

25.     Defendants jointly exercised the power to, directly or indirectly, modify the terms or conditions of their public worker workforce, including Plaintiffs.

---

[2] caci-20230630 (sec.gov) (last accessed 8/29/2023) at 4.
[3] https://www.caci.com/contracts (last accessed 8/29/2024) (itemizing awarded contracts and responsible subsidiaries).

26.     Defendant CACI International, directly or indirectly, controls the other Defendants in this matter.

27.     Defendant CACI Federal, directly or indirectly, controls Defendant CACI Federal.

28.     Defendants jointly, formally or as a matter of practice, determine, share, or allocate responsibility over functions ordinarily carried out by an employer as it relates to their public worker workforce, including Plaintiffs.

29.     Defendants jointly perform related activities under unified operations or common control for a common business purpose.

30.     During the relevant period, Defendants had gross sales and/or revenue exceeding $500,000.00.

31.     During the relevant period, Defendants employed individuals in various states pursuant to Federal contracts and caused their employees to cross state lines for their employment with Defendants, including Plaintiffs. *See* 29 U.S.C. § 203(s).

32.     At all times relevant the Defendants jointly exercised control over the management of Plaintiffs, including, but not limited to, setting their compensation, job duties, and rules for employment.

33.     Plaintiff Kuentz is a resident of the District of Columbia.

34.     Plaintiff Carpenter is a resident of the District of Columbia.

35.     Plaintiff Kuentz consents to participate as a plaintiff in a collective action to prosecute her claims herein.

36.     Plaintiff Carpenter consents to participate as a plaintiff in a collective action to prosecute his claims herein.

37.    Plaintiff Kuentz was employed by Defendants in the District of Columbia as a General Clerk III performing services pursuant to a contract awarded to Defendants for the Department of Justice during the period of in or about August 2022 through on or about May 15, 2024.

38.    Plaintiff Carpenter was employed by Defendants in the District of Columbia as a General Clerk III and Production Control Clerk performing services pursuant to a contract awarded to Defendants for the Department of Justice during the period of in or about June 2021 through on or about January 31, 2023.

39.    Plaintiffs and the proposed class and collective members were employed within the District of Columbia within the meaning of D.C. Code § 32-1003(b) because during all times relevant to the Complaint, they regularly spent more than 50% of their working time in the District of Columbia.

## GENERAL ALLEGATIONS

## I.    PLAINTIFFS WERE PUBLIC WORKERS PERFORMING PUBLIC WORK

40.    As a major part of their business, Defendants enter into contracts with federal, state, and local agencies to perform services, including litigation support, within the District of Columbia subject to the SCA and other prevailing wage laws. These contracts require Defendants to pay certain wages at certain times to their employees performing Public Work.

41.    With regard to the Department of Justice, Defendants entered into a contractual relationship with the Department of Justice and/or another government entity to perform Public Work in the form of information technology and automated litigation support services to the

7

Department of Justice's offices, boards, and divisions as well as other federal government agencies ("Mega 5 Contract").[4]

42.  Upon information and belief, Defendants entered into a contractual relationship with other governmental entities to perform Public Work for other federal agencies within the District of Columbia ("Unknown Contract(s)").

43.  The value of the Mega 5 Contract and Unknown Contract(s) was and/or is in excess of $100,000.00 and all services provided under these contracts were and/or are subject to the provisions of the SCA and/or related laws.

44.  The Mega 5 Contract and Unknown Contract(s) contained and/or contain language obligating Defendants to pay employees certain wages under the SCA pursuant to 41 U.S.C. § 6703(1) – (5).

45.  Defendants knowingly agreed and promised to pay their employees performing Public Work as Public Workers, including, but not limited to, Plaintiffs and the proposed class and collective, certain wages under the SCA pursuant to the Mega 5 Contract and the Unknown Contract(s).

46.  The aforementioned contractual provisions in the Mega 5 Contract and the Unknown Contract(s) are intended to benefit all employees subject to the Mage 5 Contract and the Unknown Contract(s), including Plaintiffs and the proposed class and collective, in that their employees are to receive certain wage and cash paid in lieu of benefit rates for all hours of Public Work they performed.

47.  As such, Defendants' employees, including Plaintiffs and the proposed class and collective, were and/or are to be paid all wages promised, owed, and/or earned due, including cash

---

[4] https://www.caci.com/contract/mega-5 (last accessed 8/29/2024).

in lieu of benefits, when they performed Public Work as Public Workers for the benefit of Defendants.

48.    During the relevant period, Plaintiffs and the proposed class and collective members performed Public Work as Public Workers for the benefit of Defendants subject to the Mega 5 Contract.

## II.    DEFENDANTS PAID PLAINTIFFS AND THE PROPOSED CLASS AND COLLECTIVE BELOW THE RATE THEY WERE REQUIRED TO PAY

49.    Plaintiffs and the proposed class and collective members were promised, owed, and/or earned the required wage and cash in lieu of benefits rate set by the Secretary of Labor in accordance with the SCA for their respective and proper job classification by Defendants.

50.    Defendants knew and understood that Plaintiffs and the proposed class and collective members were to be paid the required wage and cash in lieu of benefits rate set by the Secretary of Labor in accordance with the SCA for their respective and proper job classification by Defendants.

51.    Defendants paid Plaintiffs and the proposed class and collective below this required wage and cash in lieu of benefits rate.

52.    This unlawful underpayment of wages, including the required wage and cash in lieu of benefits rate, has directly caused Plaintiffs and the proposed class and collective to suffer lost wages which they were lawfully promised, owed, and/or earned pursuant to the DCWPCL.

## III.    DEFENDANTS FAILED TO INCLUDE CASH PAID IN LIEU OF BENEFITS IN PLAINTIFFS' "REGULAR RATE" FOR THE CALCULATION OF THEIR OVERTIME PREMIUM

53.    Defendants violated the FLSA, DCMWA, and DCWPCL by unlawfully and incorrectly calculating Plaintiffs' and the proposed class and collective's overtime premium compensation, leading to underpayment of overtime premium compensation.

9

54.     Defendants were required by Federal and District of Columbia law to pay Plaintiffs and the proposed class and collective time and a half their "regular rate" as defined pursuant to Federal and District of Columbia law.

55.     At all times during the relevant period, Plaintiffs' and the proposed class and collective's "regular rate" included any and all cash paid in lieu of fringe benefits in accordance with Federal and District of Columbia law.

56.     At all times during the relevant period, Defendants failed and/or refused to include Plaintiffs' and the proposed class and collective's cash paid in lieu of fringe benefits in their "regular rate" for the purpose of calculating their overtime compensation for all hours worked over forty in each and every workweek.

57.     This incorrect and unlawful calculation has directly caused Plaintiffs and the proposed class and collective to suffer lost overtime premium compensation which they were lawfully promised, owed, and/or earned pursuant to the FLSA, the DCMWA, and the DCWPCL.

**IV.    DEFENDANTS FAILED TO INCLUDE THE REQUIRED WAGE PURSUANT TO FEDERAL AND DISTRICT OF COLUMBIA LAW IN PLAINTIFFS' "REGULAR RATE" FOR THE CALCULATION OF OVERTIME PREMIUM**

58.     Defendants violated the FLSA, DCMWA, and DCWPCL by unlawfully and incorrectly calculating Plaintiffs' and the proposed class and collective's overtime premium compensation, leading to underpayment of overtime premium compensation.

59.     Specifically, Defendants were required to pay Plaintiffs and the proposed class and collective overtime compensation based upon the required wage set by the Secretary of Labor pursuant to the SCA.

60.     However, Defendants failed to pay Plaintiffs and the proposed class and collective the required wage set by the Secretary of Labor pursuant to the SCA.

72.     Further, Defendants failed to pay Plaintiffs and the proposed class and collective overtime compensation based upon one and a half the required wage set by the Secretary of Labor pursuant to the SCA.

61.     This incorrect and unlawful calculation has directly caused Plaintiffs and the proposed class and collective to suffer lost overtime premium compensation which they were lawfully promised, owed, and/or earned pursuant to the FLSA, the DCMWA, and the DCWPCL.

## CLASS/COLLECTIVE DEFINITIONS

62.     Plaintiffs bring this action on behalf of themselves and all other similarly situated employees as an FLSA collective action and a DCMWA and DCPWCL class and collective action. The Overtime Class and Collective is defined as:

> All CACI employees who performed Public Work (as defined herein) in the District of Columbia and who, in the past three years, performed more than forty hours of work in a workweek.

63.     Plaintiffs bring this action on behalf of themselves and all other similarly situated employees as a class and collective action pursuant to the DCWPCL. The Wage Class and Collective is defined as:

> All CACI employees who performed Public Work (as defined herein) during the past three years and were paid below the set rate promised and owed pursuant to District of Columbia law for that Public Work.

64.     The Overtime Class and Collective and Wage Class and Collective may be referred to collectively as the "Classes".

65.     Plaintiffs reserve the right to redefine the Classes prior to or at class certification, conditional collective certification, and collective certification, and thereafter as necessary.

66.    Plaintiffs reserve the right to create and define sub-classes and/or sub-collectives prior to class certification, conditional collective certification, and collective certification, and thereafter as necessary.

## OVERTIME CLASS AND COLLECTIVE ALLEGATIONS

67.    Plaintiffs bring their overtime claims as an FLSA collective and DCMWA and DCWPCL class and collective on behalf of all similarly situated employees.

68.    The members of the Overtime Class and Collective are so numerous that joinder of all members is impracticable. Upon information and belief, there are at least forty members in the Overtime Class and Collective.

69.    Plaintiffs and the Overtime Class and Collective are "similarly situated" as that term is used in 29 U.S.C. § 216(b) and D.C. Code § 32-1308(a)(2) because, *inter alia*: all such individuals performed Public Work as Public Workers pursuant to Defendants' previously described common pay practices and worked in excess of forty (40) hours in any workweek within the three (3) years prior to the filing of this Complaint.

70.    The "similarly situated" employees which would constitute the Overtime Class and Collective are known to the Defendants, are readily identifiable and may be located through the Defendants' records and the records of any payroll companies that the Defendants utilize.

71.    The Defendants employ all members of the Overtime Class and Collective throughout the District of Columbia.

72.    The "similarly situated" employees may be readily notified of this action through direct U.S. mail and/or other appropriate means and allowed to opt into this action pursuant to 29 U.S.C. § 216(b) and D.C. Code § 32-1308, for the purpose of collectively adjudicating their claims

for unpaid overtime, liquidated damages, and attorneys' fees and costs under District of Columbia and/or Federal law.

73.    Plaintiffs' FLSA, DCMWA, and DCWPCL claims and the claims of the Overtime Class and Collective arise from the Defendants' class-wide failure to lawfully calculate overtime compensation for the Plaintiffs and the Overtime Class and Collective.

74.    Plaintiffs' FLSA, DCMWA, and DCWPCL claims are typical of those claims which could be alleged by any members of the Overtime Class and Collective and the relief sought is typical of the relief which would be sought by each member of the Overtime Class and Collective in separate actions.

75.    Plaintiffs and the members of the Overtime Class and Collective sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures perpetrated by the Defendants during the relevant period in violation of the FLSA, DCMWA, and DCWPCL.

76.    Plaintiffs and the Plaintiffs' counsel can fairly and adequately protect the interests of the Overtime Class and Collective and have no interests antagonistic to the members of the Overtime Class and Collective.

77.    There are questions of fact and law common to the FLSA, DCMWA, and DCWPCL claims belonging to Plaintiffs and the members of the Overtime Class and Collective that predominate over any questions affecting only individual members, such as:

   a.    Whether the Defendants were required by law to calculate overtime compensation based upon the required wage set by the Secretary of Labor pursuant to the SCA; and

b.  Whether the Defendants properly excluded the cash paid in lieu of benefits from Plaintiffs' and the Overtime Class and Collective members' "regular rate" for the calculation of overtime premium.

78.  A class action for the Overtime Class and Collective is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs bringing claims under the FLSA, DCMWA, and DCWPCL lack the financial resources to vigorously prosecute separate lawsuits in Federal Court, particularly those with relatively small claims.

79.  The questions set forth above related to the FLSA, DCMWA, and DCWPCL claims by Plaintiffs and the members of the Overtime Class and Collective predominate over any questions affecting only individual persons, and a class action promotes consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the claims.

**WAGE CLASS AND COLLECTIVE ACTION ALLEGATIONS**

80.  Plaintiffs bring this action as a class and collective action pursuant to the DCWPCL on behalf of themselves and the Wage Class and Collective as defined above.

81.  The members of the Wage Class and Collective are so numerous that joinder of all members is impracticable. Upon information and belief, there are at least forty members in the Wage Class and Collective.

82.  Plaintiffs are "similarly situated" as that term is used in 29 U.S.C. § 216(b) and D.C. Code § 32-1308(a)(2) because, *inter alia*: all such individuals performed Public Work as Public Workers pursuant to Defendants' previously described common pay practices and were

compensated below the set rate promised and owed pursuant to District of Columbia law for that Public Work.

83.     The "similarly situated" employees which would constitute the Wage Class and Collective are known to the Defendants, are readily identifiable and may be located through the Defendants' records and the records of any payroll companies that the Defendants utilize.

84.     The Defendants employ all members of the Wage Class and Collective throughout the District of Columbia.

85.     The "similarly situated" employees may be readily notified of this action through direct U.S. mail and/or other appropriate means and allowed to opt into this action pursuant to 29 U.S.C. § 216(b) and D.C. Code § 32-1308, for the purpose of collectively adjudicating their claims for unpaid overtime, liquidated damages, and attorneys' fees and costs under District of Columbia and/or Federal law.

86.     Plaintiffs DCWPCL claims and the claims of the Wage Class and Collective arise from Defendants' class-wide failure to pay all wages promised to, owed to, and/or earned by Plaintiffs and the Wage Class and Collective pursuant to District of Columbia law for all hours worked as Public Workers performing Public Work.

87.     Plaintiffs DCWPCL claims are typical of those claims which could be alleged by any members of the Wage Class and Collective and the relief sought is typical of the relief which would be sought by each member of the Wage Class and Collective in separate actions.

88.     Plaintiffs and the members of the Wage Class and Collective sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures perpetrated by the Defendants' during the relevant period in violation of the DCWPCL.

89.     Plaintiffs and Plaintiffs' counsel can fairly and adequately protect the interests of the Wage Class and Collective and have no interests antagonistic to the members of the Wage Class and Collective.

90.     There are questions of fact and law common to the DCWPCL claims belonging to Plaintiffs and the members of the Wage Class and Collective that predominate over any questions affecting only individual members, such as:

a.  Whether the Defendants violated District of Columbia law through its policy and practice of paying employees below the required wages set by the Secretary of Labor pursuant to the SCA; and

b.  Whether the Defendants violated District of Columbia law through its policy and practice of paying employees below the required cash paid in lieu of benefits rate set by the Secretary of Labor pursuant to the SCA.

91.     A class action for the Wage Class and Collective is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs bringing claims under the DCWPCL lack the financial resources to vigorously prosecute separate lawsuits in Federal Court, particularly those with relatively small claims.

92.     The questions set forth above related to the DCWPCL claims by Plaintiffs and the members of the Wage Class and Collective predominate over any questions affecting only individual persons, and a class action promotes consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the claims.

**COUNT I:**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938, 29 U.S.C. § 201, *et seq.***

104.    Plaintiffs re-allege and incorporate by reference each and every allegation contained in the previous paragraphs of this Complaint as though fully set forth herein.

105.    At all times during the relevant period, the Defendants were "employers" within the meaning of the FLSA. 29 U.S.C. § 203(d).

106.    At all times during the relevant period, each individual member of the Overtime Collective was the Defendants' "employee" as defined by the FLSA. 29 U.S.C. § 203(e).

107.    Plaintiffs and the Overtime Collective are and/or were employed by CACI to perform "non-exempt" Public Work as Public Workers for the benefit of CACI.

108.    Plaintiffs and Overtime Collective were not paid all required overtime wages promised to, owed to, and/or earned by them pursuant to their performance of Public Work as Public Workers subject to federal and/or District of Columbia prevailing wage laws, including, but not limited to, the SCA, during the relevant period.

109.    Specifically, Defendants were required to calculate overtime compensation based on the required wage set by the Secretary of Labor pursuant to the SCA.

110.    However, Defendants failed to calculate overtime compensation based on that rate.

111.    The Defendants have intentionally failed to pay all wages promised, owed, and/or earned for all work performed as a result of the above alleged unlawful practices in violation of the FLSA.

112.    Plaintiffs and the Overtime Collective were paid cash in lieu of fringe benefits and were furnished a benefit plan as permitted to discharge their obligations pursuant to the SCA. *See* 41 U.S.C. § 6703(2) ("The obligation [to provide fringe benefits] under this paragraph may be

discharged by furnishing any equivalent combinations of fringe benefits or by making equivalent or differential payments in cash under regulations established by the Secretary.").

113.    The FLSA mandates that "…no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

114.    The FLSA defines the "regular rate" as including all remuneration for employment paid to, or on behalf of, the employee and then excludes specific explicit payments, sums, and compensations from the definition. *See id.* at (e)(1) – (8).

115.    Further, the SCA provides that, "[i]n determining **any overtime pay** to which a service employee is entitled **under Federal Law**, the regular or basic hourly rate of pay of the service employee does not include any fringe benefit payments computed under this chapter [42 U.S.C. §§ 6701 et seq.] which are excluded from the definition of 'regular rate' under section 7(e) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(e))." 41 U.S.C. § 6707(e) (emphasis added).

116.    In no portion of the FLSA, is cash paid in lieu of fringe benefits considered explicitly excluded from the term "regular rate". *See* 29 U.S.C. § 207(e)(1) – (8).

117.    In other words, pursuant to these statutory strictures, cash paid in lieu of fringe benefits is to be included in the "regular rate" of employees when calculating overtime premium compensation owed.

118.    The Defendants improperly and unlawfully calculated Plaintiffs' and Overtime Collective's overtime premium compensation by failing to include the cash paid directly to Plaintiffs and the Overtime Collective when calculating overtime.

119.    The Defendants improperly and unlawfully calculated Plaintiffs and the Overtime Collective's overtime premium compensation by failing to use the promised, owed, and/or earned basic hourly rate of Plaintiffs and the Overtime Collective.

120.    As a result of the above alleged practices, the Defendants violated the FLSA by failing to pay Plaintiffs and the Overtime Collective overtime premium compensation at the correct "regular rate" and thereby underpaid Plaintiffs and the Overtime Collective.

121.    The Defendants were and/or are not permitted by state or federal law, or by an order of a court of competent jurisdiction, to withhold or divert any portion of Plaintiffs' and/or the Overtime Collective's wages that concern this lawsuit.

122.    Prior to and during the relevant period, the Defendants had actual and/or constructive knowledge of the required wage promised to, owed to, and/or earned by the Plaintiffs and the Overtime Collective because, *inter alia*, the Defendants were aware of the prevailing wage/benefit rate stated in their applicable and respective government contracts under the SCA.

123.    Prior to and during the relevant period, the Defendants had actual and/or constructive knowledge of the correct methodology for computing overtime premium compensation.

124.    The Defendants' failure to pay all wages promised, owed, and/or earned and lawfully calculated overtime premium compensation and adhere to wage payment requirements in compensating Plaintiffs and the Overtime Collective was willful, knowing and intentional, or, at a minimum, reckless.

## COUNT II:
## VIOLATION OF THE DISTRICT OF COLUMBIA
## WAGE PAYMENT COLLECTION LAW, D.C. CODE § 32-1301, *et seq.*

125.     Plaintiffs re-allege and incorporate by reference each and every allegation contained in the previous paragraphs of this Complaint as though fully set forth herein.

126.     The DCWPCL mandates that an employer is obligated to pay all wages due and owed to its employees. *See* D.C. Code § 32-1301, *et seq.*

127.     At all times during the relevant period, Plaintiffs and the members of the Wage Class and Collective were employed by the Defendants within the meaning of the DCWPCL. *See* D.C. Code § 32-1301(1B).

128.     Under the DCWPCL, "wages" are defined to include, *inter alia*, "[o]ther remuneration promised or owed…[p]ursuant to a contract between an employer and another person or entity; or [p]ursuant to District or federal law." *Id.* at (3)(E)(ii) – (iii).

129.     As a result of the above-alleged practices, the Defendants violated the DCWPCL by failing to pay Plaintiffs and the Wage Class and Collective all wages promised, earned, and/or owed for all hours worked as Public Workers performing Public Work subject to federal and/or District of Columbia prevailing wage laws, including, but not limited to, the SCA, during the relevant period.

130.     Further, "…the remuneration promised by an employer to an employee shall be presumed to be at least the amount required by federal law, including federal law requiring the payment of prevailing wages, or by District law." D.C. Code § 32-1305(b) (added by amendment in 2013 with the approval of Congress).

131.     Plaintiffs and the Wage Class and Collective were not paid the full required wages which they were promised, owed, and/or earned pursuant to District of Columbia law.

132.    Plaintiffs and the Wage Class and Collective were not paid all wages promised, owed, and/or earned for all hours in which they were performing Public Work as Public Workers for the benefit of the Defendants.

133.    The Defendants have intentionally failed to pay all wages promised, owed, and/or earned due for all hours worked as a result of the above alleged unlawful practices in violation of D.C. Code § 32-1302.

134.    The Defendants were and/or are not permitted by state or federal law, or by an order of a court of competent jurisdiction, to withhold or divert any portion of Plaintiffs' and the Wage Class and Collective's wages that concern this lawsuit.

135.    The Defendants did not have written authorization from Plaintiffs and Wage Class and Collective to withhold, divert, deduct any portion of their wages that concern this lawsuit.

136.    Prior to and during the relevant period, the Defendants had actual and/or constructive knowledge of the required wage promised to, owed to, and/or earned by Plaintiffs and the Wage Class and Collective because, *inter alia*, Tier-One was aware of the prevailing wage/benefit rate stated in their applicable and respective government contracts under the SCA.

137.    The Defendants' failure to pay all wages promised, owed, and/or earned and adhere to wage payment requirements in compensating Plaintiffs and the Wage Class and Collective was willful, knowing and intentional, or, at a minimum, reckless.

**COUNT III:**
**VIOLATION OF THE DISTRICT OF COLUMBIA**
**MINIMUM WAGE ACT, D.C. CODE § 32-1001, *et seq.***

138.    Plaintiffs re-allege and incorporate by reference each and every allegation contained in the previous paragraphs of this Complaint as though fully set forth herein.

139.    Plaintiffs and the Overtime Class and Collective were paid cash in lieu of fringe benefits and were furnished a benefit plan as permitted to discharge their obligations pursuant to

the SCA. *See* 41 U.S.C. § 6703(2) ("The obligation [to provide fringe benefits] under this paragraph may be discharged by furnishing any equivalent combinations of fringe benefits or by making equivalent or differential payments in cash under regulations established by the Secretary.").

140.    The DCMWA mandates that an employer shall pay an employee compensation for employment in excess of forty hours a week, "…at a rate no less than 1 ½ times the regular rate at which the employee is employed." D.C. Code § 32-1003(c).

141.    The DCMWA defines the "regular rate" as encompassing, "…all remuneration for employment paid to, or on behalf of, the employee, but shall not be considered to include the items set forth in the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 207(e)(1), (2), (3), (4), (5), (6), and (7). Extra compensation paid as described in § 207(e)(5), (6), and (7) shall be creditable toward overtime compensation." D.C. Code § 32-1002(7).

142.    In no portion of the Fair Labor Standards Act of 1938, as amended, is cash paid in lieu of fringe benefits considered explicitly excluded from the term "regular rate". *See* 29 U.S.C. § 207(e)(1) – (8).

143.    In other words, pursuant to these statutory strictures, cash paid in lieu of fringe benefits is to be included in the "regular rate" of employees when calculating overtime premium compensation owed.

144.    The Defendants improperly and unlawfully calculated Plaintiffs' and the Overtime Class and Collective overtime premium compensation by failing to include the cash paid directly to Plaintiffs and the Overtime Class and Collective as well as the amounts deducted from their wages in accordance with Defendants' benefit plan when calculating overtime.

145.    The Defendants improperly and unlawfully calculated Plaintiffs' and the Overtime Class and Collective overtime premium compensation by failing to use the promised, owed, and/or earned basic hourly rate of the Plaintiffs and the Overtime Class and Collective.

146.    As a result of the above alleged practices, the Defendants violated the DCMWA by failing to pay Plaintiffs and the Overtime Class and Collective overtime premium compensation at the correct "regular rate" and thereby underpaid Plaintiffs and the Overtime Class and Collective.

147.    Prior to and during the relevant period, the Defendants had actual and/or constructive knowledge of the correct methodology for computing overtime premium compensation.

148.    The Defendants' failure to pay lawfully calculated overtime premium compensation and adhere to wage payment requirements in compensating Plaintiffs and the Overtime Class and Collective was willful, knowing and intentional, or, at a minimum, reckless.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and on behalf of all members of the Classes, requests the following relief:

a.    An order designating this action as a collective action on behalf of the Plaintiffs and the Classes and issuance of notices pursuant to 29 U.S.C. § 216(b);

b.    An order certifying this action as a Fed. R. Civ. P. 23 class action on behalf of the Classes;

c.    An order designating the Plaintiffs as representatives of the Classes and appointment of Plaintiffs' counsel as counsel for the Classes;

d.    Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

e.     An order finding that the Defendants violated the FLSA, DCWPCL, and DCMWA;

f.     An order finding that the Defendants' violations of the FLSA, DCWPCL, and DCMWA were not the product of good faith;

g.     An order finding the Defendants' violations of the FLSA, DCWPCL, and DCMWA were willful;

h.     Judgment against the Defendants in favor of Plaintiffs and the members of the Proposed Class and Collective equal to any and all unpaid wages, including overtime compensation;

i.     An award against the Defendants in favor of Plaintiffs and the members of the Proposed Class and Collective in the full amount of available liquidated damages and penalties as provided under the FLSA, DCWPCL, and/or DCMWA;

j.     An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims;

k.     A jury trial on any and all applicable claims; and

l.     Any such other and further relief as this Court deems appropriate.

Respectfully submitted,

_/s/ Michael K. Amster_
Michael K. Amster, Esq. (Bar No. 1001110)
Thomas J. Eiler, Esq. (Bar No. MD0179)
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373
(240) 839-9142 (f)
mamster@zagfirm.com
teiler@zagfirm.com
_Counsel for Plaintiffs and_
_The Classes_

24